The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRE MOORE,

     Plaintiffs,

v.

LAKE WASHINGTON SCHOOL DISTRICT NO. 414, *et al.*,

     Defendants.

NO. 25-cv-1256-BJR

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO QUASH OR MODIFY PLAINTIFF'S SUBPOENA**

     This matter comes before the Court on Defendant Lake Washington School District's motion to quash or modify Plaintiff's subpoena to non-party Aviva Kamm. Dkt. 33. The Court has reviewed the motion, Plaintiff's opposition, Defendant's reply, Plaintiff's surreply, the declarations and exhibits submitted by the parties, and the remainder of the record. For the reasons set forth below, the motion is GRANTED IN PART.

     District courts have broad discretion to manage discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). That discretion includes the authority to limit discovery that is not relevant to a party's claim or defense, is not proportional to the needs of the case, or imposes undue burden. Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C), 45(d)(3)(A)(iv). Although the scope of discovery is broad, it is not unlimited. *See e.g. Hallett*, 296 F.3d at 751; Fed. R. Civ. P. 26(b)(1).

ORDER GRANTING IN PART DEFENDANT'S MOTION TO QUASH OR MODIFY PLAINTIFF'S SUBPOENA

- 1

Plaintiff's subpoena, as drafted, is overbroad. It seeks "[a]ll investigative files" maintained or controlled by Ms. Kamm "relating to Lake Washington School District," including all investigations, inquiries, workplace investigations, complaints, reports, drafts, underlying materials, engagement communications, and billing records. Dkt. 34-1. That language is not limited to Plaintiff, the Transportation Department, the investigation involving Plaintiff, or the related investigations that appear to overlap with the claims and witnesses at issue in this case. Although Plaintiff argues in opposition that he is not seeking all District-wide investigative files, the subpoena itself is not so limited. A third-party subpoena must be tailored to the claims and defenses in the case and may not impose on a non-party an obligation to search for and produce broad categories of potentially sensitive investigative files unrelated to the litigation. *See* Fed. R. Civ. P. 26(b)(1), 45(d)(3)(A)(iv); *see also*, *Gonzales v. Google, Inc*., 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("Overbroad subpoenas seeking irrelevant information may be quashed or modified.").

The subpoena is therefore modified. Ms. Kamm need only produce non-privileged responsive materials from investigation files pertaining to Plaintiff Andre Moore, Amanda Richardson, Dana Chandler, Joy Ross, Quincy Spruill, and Terhan Richardson. This limitation appears to reflect the scope to which Plaintiff narrowed—or intended to narrow—the subpoena during the course of the parties' dispute, but the limitation must be made express. To the extent the subpoena seeks investigation files beyond those individuals, the motion to quash is granted.

This ruling does not foreclose Plaintiff from seeking comparator discovery in the future. But any such discovery must be specifically tailored. If Plaintiff contends that additional investigation files are relevant as comparator evidence, he must identify with greater specificity

ORDER GRANTING IN PART DEFENDANT'S MOTION TO QUASH OR MODIFY PLAINTIFF'S SUBPOENA

- 2

the comparator or category of comparators, the relevant employing unit, the relevant time period, the type of alleged misconduct or complaint at issue, and the reason the requested materials are proportional to the needs of the case. As it stands, a request for all investigative files relating to the District is far too broad.

The Court has also reviewed the categories of documents identified in the privilege log. The party asserting attorney-client privilege or work-product protection bears the burden of establishing that the protection applies. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The attorney-client privilege protects confidential communications made for the purpose of obtaining or providing legal advice, including communications with third parties retained to assist counsel in providing such advice. *Id*. at 566. The work-product doctrine protects documents and tangible things "prepared by or for a party or his representative in anticipation of litigation," including materials prepared by counsel's agents. *Id*. at 567 (quoting *Admiral Ins. Co. v. U.S. Dist. Ct*., 881 F.2d 1486, 1494 (9th Cir.1989)); I*n re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt*.), 357 F.3d 900, 907–08 (9th Cir. 2004).

The categories identified in the privilege log—including communications between counsel and Ms. Kamm, Ms. Kamm's investigative notes, communications involving a forensic consultant retained in connection with the investigations, and communications with the District's risk pool or coverage provider—are categories as to which attorney-client privilege and/or work-product protection may properly be asserted. The Court does not, on the present record, conduct an entry-by-entry review of the log or hold that every withheld document is privileged. To the extent Plaintiff challenges particular entries, any such challenge must be made with specificity and in compliance with the Court's discovery-dispute procedures. Nothing in this order requires

ORDER GRANTING IN PART DEFENDANT'S MOTION TO QUASH OR MODIFY PLAINTIFF'S SUBPOENA

- 3

production of materials properly withheld on the basis of attorney-client privilege, work-product protection, or any other applicable protection.

Finally, the Court addresses the parties' conferral obligations. The record indicates that Defendant attempted to clarify the scope of the subpoena and to comply with the Court's Standing Order's conferral requirement, but that Plaintiff's counsel's lack of responsiveness impeded that process. The Court expects counsel to communicate promptly, reasonably, and professionally in future discovery disputes. Counsel need not agree on every issue, but they must make a good-faith effort to narrow disputes before seeking court intervention. The efficient resolution of this lawsuit requires counsel to work cooperatively and to avoid unnecessary motion practice wherever possible.

For the foregoing reasons, Defendant's motion to quash or modify Plaintiff's subpoena is GRANTED IN PART. The subpoena is modified as set forth above.

Dated this 22nd day of May 2026.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION TO QUASH OR MODIFY PLAINTIFF'S SUBPOENA

- 4